**Opinion issued February 12, 2026**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-24-00293-CR**

———————————

**WHENCISE SURLIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Case No. 1779889**

## MEMORANDUM OPINION

A jury convicted appellant Whencise Surlin of the third-degree felony offense of evading arrest or detention with a motor vehicle.[1] Pursuant to an agreement

---

[1]    *See* TEX. PENAL CODE § 38.04(a), (b)(2)(A).

between Surlin and the State, the trial court assessed Surlin's punishment at ten years' confinement, suspended the sentence, and placed Surlin on community supervision for three years. Surlin timely filed a notice of appeal.

Surlin's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and to legal authority. *See id.*; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel states that she has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Surlin's counsel has certified that she mailed a copy of the motion to withdraw and the *Anders* brief to Surlin. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Counsel also certified that she informed Surlin of her right to file a pro se response and to access the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Counsel certified that she provided Surlin with a form motion for pro se access to the record. *See id.* at 319–20. Surlin has not requested access to the appellate record or filed a pro se response.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744 (stating that appellate court, not counsel, determines "after a full examination of all the proceedings" whether "the case is wholly frivolous"); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (stating that reviewing court has duty to determine whether arguable grounds for review exist); *Mitchell*, 193 S.W.3d at 155 (stating that we make this determination by reviewing "entire record"). An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *Bledsoe v. State*, 178 S.W.3d 824, 827 & n.6 (Tex. Crim. App. 2005).

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[2] Attorney Daucie Schindler must immediately send Surlin the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[2] Appointed counsel still has a duty to inform Surlin of the result of this appeal and that she may, on her own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).